UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Todd Guerriero,

                        Petitioner,                                **MEMORANDUM & ORDER**
                                                                                            23-CV-01285 (DG)

        -against-

A. Montagari,

                        Respondent.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       By Petition filed February 17, 2023, *pro se* Petitioner Todd Guerriero, then incarcerated at Mohawk Correctional Facility, commenced this action pursuant to 28 U.S.C. § 2254. *See generally* Petition ("Pet."), ECF No. 1.[1] Petitioner challenges certain convictions in New York State Supreme Court, Richmond County (the "Richmond County Supreme Court").[2]

       For the reasons set forth below, the Petition is dismissed without prejudice.

## BACKGROUND

       The Court liberally construes the Petition in light of Petitioner's *pro se* status. *See*

---

[1] Under the "prison mailbox rule," the operative filing date is the date on which the Petition was delivered to prison officials for forwarding to the Court. *See Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). Here, Petitioner does not indicate the date on which he delivered the Petition to prison officials. *See generally* Pet. The Petition was received by the Court on February 17, 2023.

When citing to the Petition, the Court refers to the page numbers generated by the Court's electronic case filing system ("ECF"). The Court has not in all instances retained the Petition's original capitalization and/or formatting. Any alterations are non-substantive.

[2] Although the Petition specifies the nature of the convictions Petitioner challenges, *see* Pet. at 4, Petitioner does not indicate the dates of conviction. As set forth more fully below, it appears that Petitioner challenges convictions sustained in November 2022, less than one year before the filing of the Petition. *See* 28 U.S.C. § 2244(d)(1) (reflecting one-year period of limitation applicable to a writ of habeas corpus by a person in custody pursuant to the judgment of a state court).

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In the Petition, Petitioner states: "The primary purpose of this petition is to establish that Richmond Supreme Court committed and this case is the result of a federal crime by all parties of the Court.  Also to establish truth as the Constitution was written."  *See* Pet. at 4.  Petitioner asks for immediate release "and a federal investigation concerning the illegal action of Richmond County Supreme Court," *see* Pet. at 2; states that he "would like to press federal charges on all judicial members who are involved in this horrendous, mali[ci]ous, and unconstitutional act of terrorism," *see* Pet. at 3; and asks "that Richmond County be made to show just cause as to every aspect of this case such as arrest, indictment, sentence, and conviction" and that "the federal court take legal & immediate action against the city and state in full capacity of every federal rule & regulation governing the United States," *see* Pet. at 2-3.

More specifically, Petitioner alleges, *inter alia*: that the Richmond County Supreme Court "have illegally waived [Petitioner's] constitutional right to the grand jury and has unlawfully held [Petitioner] on a Superior Court Information in violation of C.P.L. 195.20(D) Paragraph II which is a direct violation of the United States Constitution 5th & 14th Amendment;" that "[his] lawyer of record violated all ethic codes including the 6th Amendment that guar[a]ntees the people an effective assistance of counsel" and "[i]nstead he/she has conspired with the District Attorney to violate all of [Petitioner's] constitutional rights, and infringing & circumventing due process of the law;" that the Richmond County Supreme Court "has disregarded the Constitution, and intentionally denying the people equal protection of the law;" that "[Petitioner] was never afforded a preliminary hearing;" that "[Petitioner's] case was never presented to a grand jury;" that the "District Attorney committed fraud in which [Petitioner] never had a transcribed hearing in open court in regards to waiving [Petitioner's]

2

constitutional right to a grand jury;" that the "District Attorney circumvented the United States Constitution and federal laws whereby has no jurisdiction of case or person;" that "[Petitioner's] sentence is illegal due to coercion by attorney in allowing [Petitioner] to accept a plea under false pretenses;" and that "[Petitioner] was denied equal protection of the law violation of 14th Amendment." *See* Pet. at 2-4.

Petitioner further alleges that he was "falsely convicted" of: "1) Burg – 3rd: Illegal Entry with Intent PL 140.20 D Felony;" "2) Criminal Mischief 3: Property PL 145.05 02 E Felony;" "3) Criminal Mis: Intent Damage Property PL 145.00 01 A Misdemeanor;" and "4) Petit Larceny P.L 155.25 A Misdemeanor." *See* Pet. at 4.

On March 1, 2023, Respondent filed a letter in response to the Petition. *See* ECF No. 4. In the March 1, 2023 letter, Respondent states:

> It is not entirely clear what judgments of conviction petitioner is challenging. If petitioner is challenging his convictions in New York State Supreme Court, Richmond County[] under Indictment Nos. 00154-2020, 00213-2020, and 00060-21, the claims are all unexhausted. On August 9, 2022, under these indictments, petitioner pleaded guilty to Attempted Burglary in the Third Degree (Penal Law §§ 110/140.20), in return for a promised sentence of three consecutive indeterminate prison terms of 1 ½ to 3 years. On November 17, 2022, the court imposed the promised sentence. Petitioner has not perfected a direct appeal in state court.
>
> In addition to being unexhausted, petitioner's claims that he was never afforded a preliminary hearing, and his case was never presented to a Grand Jury are not cognizable.

*See* ECF No. 4 at 1-2 (citation omitted).[3]

By Order dated March 3, 2023, the Court directed Petitioner to file a response to the March 1, 2023 letter by April 3, 2023. *See* March 3, 2023 Order. Petitioner failed to do so. *See*

---

[3] State court records reflect that Petitioner was sentenced on November 17, 2022 under Indictment Numbers 00154-2020, 00213-2020, and 00060-2021.

3

*generally* docket. Notwithstanding Petitioner's failure to file a response or to seek an extension of the filing deadline, the Court *sua sponte* afforded Petitioner additional time to file a response. Specifically, by Order dated May 10, 2023, the Court directed Petitioner to file a response to the March 1, 2023 letter by June 9, 2023. *See* May 10, 2023 Order.

Petitioner thereafter filed a letter. *See* ECF No. 5 (received by the Court on June 20, 2023). In Petitioner's letter, Petitioner does not explicitly identify which conviction(s) he challenges but does reference a sentence of "4 ½ – 9 yrs." *See* ECF No. 5 at 4 (also referring to sentence as "3 consec[]utive sentences of 1 ½ – 3 yrs"). This sentence appears to align with the sentence referenced by Respondent in the March 1, 2023 letter. *See* ECF No. 4 at 1. The Court construes the Petition to be challenging the above-referenced convictions for which Petitioner was sentenced in November 2022.

In Petitioner's letter, Petitioner makes allegations regarding, *inter alia*, his counsel, discovery, DNA, and bail. *See generally* ECF No. 5.

Neither the Petition nor Petitioner's letter indicates that Petitioner took a direct appeal or otherwise addresses the issue of exhaustion. *See generally* Pet; ECF No. 5.

In summary, through his filings, Petitioner appears to raise ineffective assistance of counsel claims as well as claims under the Fifth and Fourteenth Amendments. *See generally* Pet.; ECF No. 5.

## DISCUSSION

### I.   Applicable Law

To determine whether a petitioner is entitled to a writ of habeas corpus, a district court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254(b)(1) provides: "An application

for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(c) provides: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

To comply with the exhaustion requirement, a habeas petitioner must "fairly present his constitutional claim to the state courts, which he accomplishes by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *See Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (quotations omitted); *see also Picard v. Conner*, 404 U.S. 270, 275-76 (1971); *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001); *Daye v. Attorney General of the State of N.Y.*, 696 F.2d 186, 191-92 (2d Cir. 1982) (en banc); *Williams v. Montagari*, No. 22-CV-05849, 2023 WL 5510637, at *5 (E.D.N.Y. Aug. 25, 2023).

Further, as the Supreme Court has stated: "[I]f state-court remedies are no longer available because [a habeas petitioner] failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court.  Instead, if the petitioner procedurally defaulted those claims, the [petitioner] generally is barred from asserting those claims in a federal habeas proceeding." *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citation omitted); *see also Jackson*, 763 F.3d at 133; *Aparicio*, 269 F.3d at 89-91; *Bossett v. Walker*, 41 F.3d 825, 828-29 (2d Cir. 1994); *Williams*, 2023 WL 5510637, at

*5. "Federal courts may address the merits of a claim that was procedurally defaulted in state court only upon a showing of cause for the default and prejudice to the petitioner." *See Bossett*, 41 F.3d at 829; *see also Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

When a petitioner files a "mixed petition" – one containing both exhausted and unexhausted claims – a district court may proceed in one of four ways, depending on the circumstances: (1) dismiss the petition without prejudice so that the petitioner may exhaust his unexhausted claims; (2) stay the petition to allow the petitioner to return to state court and exhaust his claims; (3) allow the petitioner to delete the unexhausted claims and proceed with only his exhausted claims; or (4) deny the petition on the merits. *See Grist v. Griffin*, No. 13-CV-05806, 2014 WL 347465, at *2 (E.D.N.Y. Jan. 30, 2014) (discussing circumstances under which various options are available/appropriate); *see also Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Perez v. Miller*, No. 20-CV-02864, 2021 WL 4502472, at *3 (E.D.N.Y. Sept. 30, 2021) (citing 28 U.S.C. § 2254(b)(1)(A) & (b)(2) and *Rhines*, 544 U.S. at 277-78).

## II. The Petition is Dismissed Without Prejudice

For the reasons set forth below, the Petition is dismissed without prejudice.

As an initial matter, Petitioner does not appear to have presented the substance of any of his federal claims for review in state court – *e.g.*, through post-conviction motion or direct appeal – and appears instead to have proceeded directly to file a federal habeas petition.

Petitioner can still present his ineffective assistance of counsel claims in state court by way of a motion brought pursuant to New York Criminal Procedure Law Section 440.10. *See* N.Y. Crim. Proc. L. § 440.10(1) & (2).[4] Those claims are not procedurally defaulted and are

---

[4] New York Criminal Procedure Law § 440.10(2) provides in relevant part:

Notwithstanding the provisions of subdivision one, the court must deny a motion

unexhausted. *See, e.g.*, *Williams*, 2023 WL 5510637, at *6 (stating that "[s]ince there is no time limit to filing a motion under CPL § 440.10, Petitioner's ineffective assistance of counsel claim is not procedurally defaulted because he could still present it in state court" (quotation omitted)). In contrast, because Petitioner could have brought his other claims in a direct appeal but failed to take an appeal within the prescribed period (or ever), those claims are procedurally defaulted and exhausted. *See* N.Y. Crim. Proc. L. §§ 440.10(2), 460.10, 460.30(1); *see also Jackson*, 763 F.3d at 133; *Aparicio*, 269 F.3d at 89-91; *Bossett*, 41 F.3d at 828. Accordingly, the Petition is a mixed petition.

As set forth above, when presented with a mixed petition, a district court has available to it several options, depending on the circumstances. Under the particular circumstances here, the Court has determined that the Petition should be dismissed without prejudice.

As an initial matter, Petitioner has not requested a stay of the Petition or attempted to demonstrate good cause for his failure to exhaust and the record does not otherwise reflect good cause for Petitioner's failure to exhaust. *See generally* Pet; ECF No. 5; *see also Rhines*, 544 U.S. at 277 (noting that "stay and abeyance should be available only in limited circumstances," that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, moreover, "even if

---

to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his or her unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him or her unless the issue raised upon such motion is ineffective assistance of counsel.

N.Y. Crim. Proc. L. § 440.10(2)(c). New York Criminal Procedure Law § 440.10(1) reflects the absence of a filing deadline.

a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless"); *Grist*, 2014 WL 347465, at *2. Notably, even after Respondent raised the issue of exhaustion in Respondent's March 1, 2023 letter, *see* ECF No. 4 at 1-2, Petitioner did not proffer any cause for his failure to exhaust, *see generally* ECF No. 5.

In addition, Petitioner has not requested to delete his unexhausted claims and proceed with only his exhausted claims and, in any event, deletion of the unexhausted claims would not benefit Petitioner because all of the exhausted claims are procedurally defaulted and therefore do not serve as a basis for granting relief. *See generally* Pet; ECF No. 5; *see also Grist*, 2014 WL 347465, at *2 (stating that the option of deletion of unexhausted claims is "available only if the 'petitioner expressly and unequivocally acknowledged to the district court that he was abandoning his unexhausted claims' and those claims are not intertwined with his exhausted claims" (quoting *Grady v. LeFevre*, 846 F.2d 862, 865 (2d Cir.1988))); *Harris v. Lamanna*, No. 17-CV-00080, 2020 WL 1332104, at *15 (E.D.N.Y. Mar. 23, 2020) (deleting unexhausted claim and dismissing petition).[5]

Moreover, the Court is not able to conclusively determine on the record before the Court that the unexhausted claims are meritless such that denial of the entire Petition would be appropriate at this stage. *See Grist*, 2014 WL 347465, at *2 (stating that "the court may deny a mixed petition on the merits if it determines that the unexhausted claims are meritless" and citing 28 U.S.C. § 2254(b)(2)).

Petitioner may present his unexhausted claims in state court, where he has the possibility of obtaining relief. If he exhausts his presently unexhausted claims in state court and still seeks

---

[5] Petitioner has not shown – or even attempted to show – cause for his procedural default.

8

federal habeas relief thereafter, he will be able to request such relief by filing a subsequent habeas petition as long as he can demonstrate that either statutory or equitable tolling of AEDPA's one-year limitations period applies.[6]

Under the specific circumstances of this case – namely, that Petitioner has brought only unexhausted or procedurally defaulted claims, that Petitioner has not sought a stay, and that there is no indication in the record of good cause for Petitioner's failure to exhaust his ineffective assistance claims – the Court does not conclude that dismissal without prejudice "unreasonably impair[s]" Petitioner's ability to obtain federal relief. *See Rhines*, 544 U.S. at 278.[7]

The Petition is DISMISSED without prejudice.[8]

---

[6] On the record before the Court – which does not indicate that any post-conviction motion was filed by Petitioner – it seems unlikely that Petitioner would be able to demonstrate statutory tolling. *See* 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Notably, the filing of a post-conviction motion *after* the limitations period has expired would not toll the limitations period. *See, e.g.*, *Diaz v. Kelly*, 515 F.3d 149, 152 (2d Cir. 2008); *Stauffer v. McGinnis*, No. 03-CV-06510, 2008 WL 3835468, at *6 (W.D.N.Y. Aug. 13, 2008).

To qualify for equitable tolling, Petitioner would have to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). On the record before the Court, the Court is not able to determine the likelihood that Petitioner would be able to satisfy this standard – although the Court notes that the United States Court of Appeals for the Second Circuit has "clearly stated that the AEDPA limitations period will only be [equitably] tolled in 'rare and exceptional circumstance[s].'" *See Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (second alteration in original) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

[7] Notably, "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

[8] Although the Court does not reach the merits of the procedurally defaulted claims, the Court notes that Respondent persuasively argues that certain claims would not be cognizable on federal habeas review even assuming, *arguendo*, that those claims were not procedurally defaulted. *See* ECF No. 4 at 2.

**CONCLUSION**

For the reasons set forth above, the Petition, ECF No. 1, is DISMISSED without prejudice.

The Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). Petitioner, however, has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253(c).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Petitioner.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: January 16, 2025
       Brooklyn, New York